Janice G. Dubler (ID No. 6315)
Katheryn Eisenmann (ID No. 027142011)
**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
923 Haddonfield Rd., Ste. 300
Cherry Hill, NJ 08002
(856) 324-8284
(856) 324-8201 (facsimile)
Attorneys for Defendant Navient Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRITTNEY D. WALTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| **NAVIENT, NAVIENT** | ) |
| **CORPORATION, MEGHAN (LAST** | ) |
| **NAME UNKNOWN), PATTY (LAST** | ) |
| **NAME UNKNOWN), EMILY (LAST** | ) |
| **NAME UNKNOWN), AND JOHN DOE** | ) |
| **1-10 INDIVIDUALLY, JOINTLY AND** | ) |
| **SEVERALLY,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT NAVIENT CORPORATION'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. SECTION 1446(a)**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF NEW JERSEY:

Defendant Navient Corporation. ("Defendant"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-referenced action from the Superior Court of New Jersey, Burlington County – Law Division to the United States District Court, District of New Jersey, based on the following grounds:

1. Plaintiff Brittney L. Walton ("Plaintiff") filed the Complaint in this action in the Superior Court of New Jersey, Burlington County – Law Division, Civil Action BUR-L-1422-20

on July 21, 2020 ("the Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff has not yet effected service of the Summons and Complaint on any Defendant. **See Exhibit B.**

3. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by defendant, through service or otherwise, of the Complaint.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed since Plaintiff has not yet effected service on any Defendant.

5. Plaintiff is a resident and citizen of the State of New Jersey. See **Exhibit A**.

6. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of (i) the state by which it has been incorporated, and (ii) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Goralski v. Shared Technologies, Inc., No. 09-2461, 2009 WL 2460752, at *3 (D.N.J. Aug. 7, 2009).

7. The proper defendant in this action is Pioneer Credit Recovery, Inc. Pioneer Credit Recovery, Inc. is the entity that employed Plaintiff. Navient Corporation is a holding company, which does not do business in any state other than Delaware, has no employees in New Jersey, and never employed the Plaintiff in this case.

8. Even assuming Plaintiff named the correct defendant, Navient Corporation is a citizen of the State of Delaware because it is incorporated in the State of Delaware and its headquarters and principal place of business are located in Wilmington, Delaware.

9. Pioneer Credit Recovery, Inc. is a citizen of the States of Delaware and New York, because it is incorporated in the State of Delaware and its headquarters and principal place of business are located in Arcade, New York.

10.     As of the date Plaintiff filed the Complaint, and as of the date of the filing of this Notice of Removal, complete diversity of citizenship between the parties exists. See 28 U.S.C. § 1332.  Furthermore, John Does should be disregarded for the purposes of determining jurisdiction. 28 U.S.C. § 1441(b)(1).

8.     Moreover, partially named defendants are treated as fictitious for purposes of removal consistent with 28 U.S.C. § 1441(b)(1). Brooks v. Purcell, 57 F. App'x 47, 50 (3d Cir. 2002) (partially fictitious names must be regarded as fictitious for purposes of 28 U.S.C. § 1441(a) removal); Joshi v. K-Mart Corp., 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) ("Defendant Frank Last Name Unknown is a party sued under a fictitious name… Accordingly, pursuant to Section 1441(a), the citizenship of Defendant Frank Last Name Unknown shall be disregarded."); see Mucci v. Decision One Mortg., 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012), report and recommendation adopted, 2012 WL 3757290 (D.N.J. Aug. 28, 2012) (merely asserting that a partially named defendant is a citizen of New Jersey because he/she works in New Jersey is insufficient.).  Accordingly, other than Navient Corporation, the other parties named in the caption must not be considered for purposes of assessing complete diversity of citizenship.

9.     Although the Complaint does not specifically quantify Plaintiff's alleged damages, Plaintiff asserts claims against Defendant for alleged violations of the New Jersey Law Against Discrimination ("LAD").  In Plaintiff's prayer for relief with respect to the counts asserted in the Complaint, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and interest and costs.  See **Exhibit A**.  On the basis of those allegations and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

10.     Plaintiff's claim for punitive damages is a factor in calculating whether the amount in controversy exceeds $75,000. Quinones-Velazquez v. Maroulis, 677 F. App'x 801, 804 (3d Cir. 2017), as amended (Feb. 8, 2017) (citing Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

11.     In addition, Plaintiff seeks attorneys' fees.  Under the LAD, a successful plaintiff is also entitled to recover reasonable attorneys' fees, which should be considered when calculating the potential amount in controversy. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); See Uddin v. Sears, Roebuck & Co., 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014); Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 618 (D.N.J. 2001) (attorneys' fees are included in the amount in controversy calculations when they are available under a statute).

12.     Based on the foregoing, this Court has diversity jurisdiction over this action because, on the date that the Complaint was filed, and as of the date this Notice is filed, there exists complete diversity of citizenship between Plaintiff and all defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.

13.     This case meets the requirements for removal to this Court under 28 U.S.C. § l441(a) because this civil action is one in which the district courts of the United States have original jurisdiction, and this Court is the district court embracing the place where the state court action was pending.

14.     Pursuant to 28 U.S.C. § 1446(a), Defendant is entitled to remove the above action from the Superior Court of New Jersey, Burlington County – Law Division to the United States District Court for the District of New Jersey.

15. In accordance with 28 U.S.C. § 1446(b), this Notice has been filed within 30 days of service of the Complaint on Defendant.

16. Defendant has attached hereto as **Exhibit A & C** copies of all process and pleadings served upon it in the state action.

17. Defendant will promptly file a Notice of the Notice of Removal with the Superior Court of New Jersey, Burlington County – Law Division and will serve Plaintiff's counsel with same. A true and correct copy of the Notice of Filing a Notice of Removal is attached hereto as **Exhibit D**.

18. The filing fee and an executed civil information sheet accompany this Notice.

**WHEREFORE**, Defendant Navient Corporation requests that the above action now pending in the Superior Court of New Jersey, Burlington County – Law Division, Civil Action BUR-L-1422-20, be removed to and filed with this Court.

>
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> Attorneys for Defendant
> NAVIENT CORPORATION
>
>
> By: */s/ Katheryn Eisenmann*
>      Katheryn Eisenmann
>      Janice G. Dubler

Dated: September 23, 2020

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

  I, Katheryn Eisenmann, Esq., counsel for Defendant certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration, and that no other action or arbitration is contemplated.

                **OGLETREE, DEAKINS, NASH,**
                **SMOAK & STEWART, P.C.**
                *Attorneys for Defendant Navient Corporation*

Date: September 23, 2020    By: */s/ Katheryn Eisenmann*
                  Katheryn Eisenmann

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with this Court, and served via overnight mail upon:

Mark J. Molz, Esq.
1400 Rte. 38 East, PO Box 577
Hainesport, NJ 08036

Dated on this 23rd day of September, 2020.

By: */s/ Katheryn Eisenmann*
Katheryn Eisenmann

44247393.1