# EXHIBIT A

MARK J. MOLZ, ESQUIRE
1400 RTE. 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
Attorney ID # 038271985
Telephone 609-267-8884
Facsimile 609-267-1281
Attorney for Plaintiff

| | | |
|---|---|---|
| BRITTNEY D. WALTON | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY |
| Plaintiff | : | LAW DIVISION |
| | : | DOCKET NO. |
| v. | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| NAVIENT, NAVIENT | : | **AND DISCOVERY REQUESTS** |
| CORPORATION, MEGHAN (last | : | |
| name unknown), PATTY (last name | : | |
| unknown), EMILY (last name | : | |
| unknown) ; John Doe 1-10 individually, | : | |
| jointly and severally | : | |
| | : | |
| Defendant | : | |

Plaintiff Brittney D. Walton residing at 505 Mitchel Ave., Unit 508, Township of Burlington, County of Burlington, State of New Jersey by way of complaint states:

1. At all relevant times the Defendant Navient was a New Jersey corporation with principle offices located at 308 Route 38, Moorestown, New Jersey 08057.

2. At all relevant times the Defendant Navient Corporation was a New Jersey Corporation with principle offices located at 3 Garden Street, PO Box 160, Grafton, MA, 01519.

3. At all relevant times the Defendant Meghan (last name unknown) was an supervisor/employee of Navient with principle offices located at 308 Route 38, Moorestown, New Jersey 08057.

4. At all relevant times the Defendant Patty (last name unknown) was an supervisor/employee of the employee relationships department of Navient with principle offices located at 308 Route 38, Moorestown, New Jersey 08057.

5. At all relevant times the Defendant Emily (last name unknown) was an supervisor/employee of Navient with principle offices located at 308 Route 38, Moorestown, New Jersey 08057.

6. John Doe 1-10 is a fictitious designation for an individual or business entity, agent servant, or assign thereof whose act or omission contributed to the damages sustained by the plaintiff as set forth more fully herein.

7. The principal is responsible for the acts or omissions of its agent, servant or assign.

### FACTS COMMON TO ALL COUNTS

8. On or about July 25, 2018, Plaintiff was an employee working for the Defendants Navient, Navient Corporation, and/or John Does 1-10.

9. Plaintiff went to the bathroom and discovered her menstrual cycle had unexpectedly begun and she bled through all protective barriers and through her clothes including her underwear and jeans.

10. Plaintiff immediately went to a supervisor Defendant Megan (last name unknown) and asked to go home and change her clothes and that she would immediately return to work.

11. Defendant Meghan (last name unknown) indicated to the Plaintiff that if she left work to change her clothes, she would be terminated.

12. Plaintiff then contacted employee relations and spoke with Defendant Patty (last name unknown). Defendant Patty (last name unknown) suggested that Plaintiff remove her soiled underwear and remain in her bloody jeans for the remainder of the day.

13. Defendant Patty (last name unknown) also confirmed that if Plaintiff left to change her clothes, she would be terminated from her employment.

14. Plaintiff Brittney Walton experienced a panic attack upon leaving due to the circumstances that had arisen. She was extremely embarrassed and forced to walk around her place of employment with bloody clothes while defendant supervisors told her that she was unable to leave.

15. At this time, Plaintiff then spoke to Defendant Emily (last name unknown), another supervisor, who confirmed that Plaintiff would not be permitted to leave and change her clothes without being terminated.

16. These acts and omissions were severe and pervasive and were discriminatory against the Plaintiff who is a female.

17. Plaintiff was humiliated and found that she could not bear sitting in her soiled clothes for the remainder of the day so she left and was ultimately terminated.

**COUNT I**

18. The allegations contained in each paragraph of all preceding Counts are repeated and incorporated herein as though set forth at length.

19. Defendants Navient, Navient Corporation and/or John Does 1-10 was/were negligent in that he/she/it:

    a.  Failed to properly supervise its employees; and/or

b. Failed to properly train its employees; and/or

c. Failed to have in place well publicized and enforced anti-harassment policies; and/or

d. Failed to have effective formal and informal complaint structures; and/or

e. Failed to have effective monitoring mechanisms; and/or

f. Was/were otherwise negligent.

20. The aforementioned acts and omissions of said Defendants Navient, Navient Corporation and/or John Does 1-10 proximately caused damages to Plaintiff including humiliation, emotional distress and disability, exacerbation of pre-existing conditions (if any), ascertainable financial and economic losses and expenses, loss of income and medical expenses, loss of enjoyment of life and/or other damages.

Wherefore, Plaintiff Brittney Walton demands judgment against the Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 individually, jointly & severally for:

a. Compensatory damages

b. Attorney's fees; and

c. Interest; and

d. Cost of suit; and

## COUNT II

21. The allegations contained in each paragraph of all preceding Counts are repeated and incorporated herein as though set forth at length.

22. The New Jersey Law Against Discrimination prohibits employment discrimination based upon sex. NJSA 10:5-12.

23. Sexual Harassment is a form of sex discrimination that violates both Title VII of the Federal Civil Rights Act of 1964 and the New Jersey Law Against Discrimination.

24. When, as here, Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 sexually harassed the Plaintiff Brittney Walton because she is female, they discriminated on the basis of sex in violation of Title VII. [See Erickson v. Marsh and McLennan Co. , 117 N. J. 539, 555-56 (1990) suggesting that sexual harassment that creates hostile environment is prohibited under the Law Against Discrimination.]

25. Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 created a hostile work environment by harassing the Plaintiff Brittney Walton because of her gender to the point that she had a panic attack.

26. The acts of Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 occurred because of Plaintiff's gender.

27. The acts are severe or pervasive enough to make a reasonable woman believe that the conditions of employment are altered and the conditions of employment are altered and the working is hostile and abusive.

28. It is further alleged that Defendants Navient, Navient Corporation and/or John Does 1-10 contributed to the harm through its negligence, intent or apparent authorization of the harassing conduct.

29. Defendants Navient, Navient Corporation and/or John Does 1-10 negligently or recklessly failed to have an explicit policy that bans sexual harassment and that provides an effective procedure for the prompt investigation and remediation of such claims.

30. The aforementioned acts and omissions of said Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 proximately caused damages to Plaintiff including humiliation, emotional distress and disability, exacerbation of pre-existing conditions (if any), ascertainable financial and economic losses and expenses, loss of income and medical expenses, loss of enjoyment of life and/or other damages.

Wherefore, Plaintiff Brittney Walton demands judgment against the Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 individually, jointly & severally for:

    a.    Compensatory damages

    b.    Attorney's fees; and

    c.    Interest; and

    d.    Cost of suit; and

## COUNT III

31. Plaintiff believes and thus avers that she was discriminated against in violation of law based upon her gender.

32. The acts/omissions of the Defendants violated New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 42 by terminating Plaintiff's employment due to her gender.

33. As a direct and proximate result of the acts/omissions of Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10, Plaintiff Brittney Walton has suffered damages including humiliation, emotional distress and disability, exacerbation of pre-existing conditions (if any), ascertainable financial and economic losses and expenses, loss of income and medical expenses, loss of enjoyment of life and/or other damages.

Wherefore, Plaintiff Brittney Walton demands judgment against the Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 individually, jointly & severally for:

      a.    Compensatory damages

      b.    Attorney's fees; and

      c.    Interest; and

      d.    Cost of suit; and

## COUNT IV

34. The allegations contained in each paragraph of all preceding Counts are repeated and incorporated herein as though set forth at length.

35. Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 intended to cause and did in fact cause physical and emotional injury to Plaintiff Brittney Walton.

36. The behavior of Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 was outrageous and intentional and outside the bounds of behavior tolerated in a civilized society.

37. As a direct and proximate result of the intentional acts and/or omissions of Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10, Plaintiff suffered damages including humiliation, emotional distress and disability, exacerbation of pre-existing conditions (if any), ascertainable financial and economic losses and expenses, loss of income and medical expenses, loss of enjoyment of life and/or other damages.

Wherefore, Plaintiff Brittney Walton demands judgment against the Defendants Navient, Navient Corporation, Meghan (last name unknown), Patty (last name unknown), Emily (last name unknown) and/or John Does 1-10 individually, jointly & severally for:

a.    Punitive Damages; and

b.    Compensatory damages

b.    Attorney's fees; and

d.    Interest; and

e.    Cost of suit; and

MARK J. MOLZ, ESQUIRE
ATTORNEY for Plaintiff(s)

Dated: July 21, 2020                    By:    _Mark J. Molz, Esq. /s/_
                                               Mark J. Molz, Esquire

## JURY DEMAND

Pursuant to R. 1:8-1(b) and R. 4:35-1 of the New Jersey Court Rules, Plaintiff(s) hereby demand a trial by Jury for all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c) and R. 4:25-4 of the New Jersey Court Rules, Mark J. Molz, Esquire is hereby designated as Trial Counsel for Plaintiff(s) in connection with this litigation.

## NOTICE OF PER DIEM TIME-UNIT CLOSING ARGUMENT

PLEASE TAKE NOTICE that Plaintiff(s) will use per diem argument during closing argument at Trial and suggest to Jury that unliquidated damages be calculated on a time-unit basis without reference to a specific sum, pursuant to Rule 1:7-1(b).  Proper explanatory instructions to jury shall be requested in accordance with the Rule.

## CERTIFICATION OF OTHER ACTIONS AND PARTIES

Pursuant to R. 4:5-1(b) of the New Jersey Court Rules, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated, other than, if applicable to this case, UM/UIM arbitration. The undersigned does not know of the names of any other parties who should be joined in the action or who are subject to joinder.

## DEMAND FOR ANSWERS TO FORM INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii) of the New Jersey Court Rules, Plaintiff(s) hereby demand that the answering defendant answer Form C Uniform Interrogatories, and that such answers be served upon Plaintiff's counsel, Mark J. Molz, Esquire, 1400 Route 38 East, P.O. Box 577, Hainesport, New Jersey 08036 in the time and manner set forth in the New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

## DEMAND FOR FURTHER DISCOVERY

Pursuant to R. 4:10 of the New Jersey Court Rules, Plaintiff(s) hereby demand that answering defendant respond to the Interrogatories and Request for Production of Documents that follow.

MARK J. MOLZ, ESQUIRE
ATTORNEY for Plaintiff(s)

Dated: July 21, 2020                    By:    _Mark J. Molz, Esq. /s/_
                                               Mark J. Molz, Esquire

## NOTICE OF DEPOSITION OF ANSWERING DEFENDANT

Pursuant to R. 4:14 of the New Jersey Court Rules, Plaintiff(s) hereby demand that the answering defendant (or, if answering defendant is a non-individual entity, answering Defendant's designated representative most knowledgeable of the circumstances described in this Complaint) appear at the Law Offices of Mark J. Molz, 1400 Route 38 East, Hainesport, New Jersey at 10:00 a.m. on the **35th** day following service of this Summons and Complaint, at which time answering defendant (or the designated representative, if applicable) shall give testimony by Deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oaths, and shall produce originals (or true copies if originals unavailable) of all documents and things requested in the attached Request for Production of Documents, and shall provide full and complete answers to all Interrogatories propounded herein. Answering defendant is required to contact the Law Offices of Mark J. Molz at (609) 267-8884 prior to the date of deposition to confirm appearance. Failure to appear for Deposition in accordance with this Demand will subject answering defendant to penalties and sanctions as allowed by the New Jersey Court Rules. Failure to produce all requested documents and things, or failure to give complete answers to Interrogatories, at or before the Deposition will result in the Deposition being taken again after such responses are provided.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18 of the New Jersey Court Rules, Plaintiff(s) hereby request and demand that answering defendant produce at the Law Offices of Mark J. Molz, 1400 Route 38 East, Box 577, Hainesport, NJ 08036 the following documents and things in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

1.      True copies of all documents, materials, reports, photographs, drawings, videotapes, audio tapes, graphs, charts, statements, things affecting credibility, reproductions, surveillance, recordings, publications, learned treatises, authorities, exhibits or any other writing, object or thing that answering party will rely upon, present, offer or utilize at the time of **Trial** during direct examination, cross-examination or any other part of the Trial.

2.      True copies of all **statements**, admissions or testimony, whether written, oral, tape recorded, transcribed, video taped, digitalized, transcribed, or memorialized on any other medium, made by: (a) any party to this lawsuit; (b) any agent, representative, employee or assign of any party to this lawsuit; (c) any witness named in this lawsuit; or (d) any person with knowledge of facts pertaining to the subject matter of this lawsuit.

3.      True copies of the following materials from your **expert** witnesses, forensic examiners, investigators and independent medical examiners (each referred to herein as "said expert"):

a.      All reports rendered in this case by said expert.

b.      Updated curriculum vitae of said expert.

c.      All documents, statements, physical evidence and other things relied upon by said expert in forming an opinion.

d.      All documents, things, statements, correspondence (including letters from counsel or litigant), pleadings and other materials provided to said expert in this case whether or not same impacted on final opinion.

e.      All learned treatises, reports, statutes, codes, ordinances, rules, regulations or other published documents or authorities relied upon in forming an opinion or to be used at Trial by said expert.

f.      All blueprints, charts, diagrams, drawings, graphs, maps, plates, plans, photographs, models, video or audio recordings or other visual or audio reproductions of any object, place or thing relied upon in forming an opinion or to be used at Trial by said expert.

g.     All correspondence, bills or other materials sent by said expert to any attorney, insurer or litigant in this case.

h.     Said expert's entire file in this case. This request includes but is not limited to all prior or rough drafts of said expert's reports and all documents marked up or written on by said expert.

i.     All reports, deposition transcripts and publications of said expert in other matters.

4.     True copies of all information, writings, documents, things, etc. obtained in response to all subpoenas or authorizations served in this case or obtained pursuant to N.J.S.A. 2A:82-41, et seq.

5.     True and complete copies of all insurance agreements or policies (plus all related papers, addenda, declaration pages and notices of cancellation) under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse payments made to satisfy the judgment. Your response must also include all secondary, tertiary and umbrella policies.

6.     True copies of all discovery requests or responses received from or sent to any other party to this action, including but not limited to Interrogatories, Answers to Interrogatories, Requests for Production of Documents or Demand for Documents, Responses to Requests for Production of Documents or Demand for Documents, Requests for Admissions, Responses to Requests for Admissions and Notices of Deposition.

7.     True copies of all reports, notes, test results, memoranda, correspondence or other writings or things created, produced or uncovered in the course of any investigation, inspection, analysis or examination of or related to any fact(s), incident(s) or transaction(s) in question, whether undertaken by answering party or by another entity, private or public.

8.     True copies of the entire file of, concerning and/or in respect to this incident or any party herein maintained by the answering party at any time, including but not limited to notes, diary entries or other writings.

9.     True copies of all photographs, drawings, videotapes, audio tapes, graphs, charts or other reproductions, recordings or physical objects relating to this matter, including but not limited to photographs or recordings of the scene, property or injury in question.

10.     True copies of all documents or things mentioning, concerning, relating to, describing or identifying: (a) Plaintiff(s), (b) any dealings of or with Plaintiff(s), (c) any

alleged incident that is the subject of this lawsuit, or (d) any property, real or personal, tangible or intangible, which is the subject of this lawsuit.

11.     True copies of all video recordings, sound recordings, digital recordings or surveillance, or other recordings on any medium, of plaintiff(s) taken at any time. This request includes but is not limited to all information or writings as defined by the New Jersey Rules of Evidence (including but not limited to photographs, moving pictures, audio recordings, digital recordings and video tapes) relating to the surveillance of Plaintiff(s). This request also includes true copies of all surveillance or other video, audio, digital or other recordings of Plaintiff(s) taken by any person or entity on behalf of any party to this lawsuit, on behalf of any insurance company or attorney, or on behalf of anyone else at any time.

12.     True copies of all documents, pleadings, correspondence and other writings related to any other lawsuits, administrative proceedings, criminal proceedings, or other court proceedings in which defendant was a party.

13.     True copies of everything in the file that answering party's insurance carrier or insurance adjuster maintains on this matter, other than documents consisting merely of communications between attorney and client or between attorney and co-counsel.

14.     True copies of all personnel files, criminal records and driving abstracts of any individual parties named herein.

15.     True copies of all medical records, charts, notes, x-ray films, CT scans, MRI films, EKGs, molds, impressions, test results, raw data and any other medical or psychiatric documents, things or information on Plaintiff(s). For handwritten documents, please include a typed version as well as the handwritten version. (If a signed authorization for release of records is necessary, do not hesitate to contact counsel for Plaintiff(s) whereupon one will be provided).

16.     True copies of all summons, complaints, violations, citations, orders, judgments, or other court or police documents, transcripts or tapes generated, copied or produced in connection with or in relation to any incident that is the subject of this lawsuit.

17.     True copies of all incident reports, accident reports, safety reports, safety evaluations, safety studies concerning answering defendant or the property in question.

18.     True copies of all contracts, agreements or addenda thereto related to any fact or allegation at issue in this lawsuit.

19.     Preserve and supply true copies of all text messages, emails, social media postings or responses, and/or any other type of electronic storage, cloud, memory, thumb drive, floppy disc or tape or recording which relates to the allegations of Plaintiff's

complaint, the facts of the underlying matter or the defense of this action. If you claim that any item is privileged supply a privilege log for *in camera* review by the court.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to <u>R</u>. 4:17 of the New Jersey Court Rules, Plaintiff(s) hereby demand that answering defendant serve at the office of MARK J. MOLZ, ESQUIRE, 1400 Route 38 East, P.O. Box 577, Hainesport, New Jersey 08036 certified answers to the following Supplemental Interrogatories in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

## DEFINITIONS

(A)  "Documents" refers to any written, recorded or graphic matter however produced or reproduced, including without limitation all papers, books, documents, records, checks, files, writings, memoranda, letters (sent or received), contracts, including original documents, photographs, drafts and all copies thereof where applicable, tape recordings, mechanical recordings or similar recordings and any log and/or transcript thereof, and any other tangible things of a similar nature, in the custody, possession or control of the party to whom these Interrogatories are addressed.

(B)  "Identify" or "identification" when used in reference to any individual person means to state his full name, residence address and his present last known business affiliation.  "Identify" or "identification" when used in reference to a document means to state the type of document (e.g. letter, memoranda, telegram, chart, tape recordings, etc.), or some other means of identifying it, and its present location or custodian.  If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

(C)  Each Supplemental Interrogatory is directed to the Defendant <u>and</u> to the person answering, if not the same.

1.      (a) State the full name, social security number, age and date and place of birth of each person answering these Interrogatories.

2.      State your job title or classification, the name of your present employer, and your business address:  (a) at the time of this incident and, (b) now.

3.      Please state how you first received notice of the events described in Plaintiff's Complaint.  Please include in your answer:  (a) the source of such notice; (b) the name, address and telephone number of the person or persons from whom you received such notice; (c) the date, time and place you first received such notice and, (d) whether such notice was written or oral, and if written, the name and address of the person who now has custody of said notice.  Please supply a copy of each written notice to your answers to these Interrogatories.

4.      State whether you have filed state and federal tax returns for the last 5 years and attach hereto true copies.

5.      State the names, addresses and phone numbers of any and all fact witnesses and briefly summarize areas of their knowledge.

6.      If any statements were obtained by you or on your behalf from any person concerning this incident, please state, for each such statement; (a) the name, address, occupation and employer of the person; (b) the name and address of the person who obtained it; (c) the date it was obtained; (d) the exact nature thereof; (e) whether it was written or oral and if written, (f) the name and address of the person who has custody of it.   Please attach a copy of such written statements to your answers to these Interrogatories.

7.      If you have any knowledge of any conversations or admissions of any parties to this suit or any other person as to the manner of the happening of the occurrence complained of or as to the injuries or damages claimed, set forth:  (a) the name and address of each party who made or gave same; (b) the exact substance thereof; (c) when they were made; (d) to whom they were made; (e) the names and address of the person(s) present when made; (f) whether any of said statements were written and if so, (g) the names and addresses of the person presently in possession of same.  Please attach hereto a copy of each such conversation or admission.

8.      If you have in your or your attorney's possession, or know of the existence of any photographs, videotapes, diagrams or accounts relating to any matter, whatsoever, concerning this incident, please state, for each such photograph or diagram or videotape: (a) a description of what it depicts; (b) the name and address of the person who took or made it; (c) the date and time and place it was taken or made; and, (d) the name and address of the person who has custody of it.   Please attach a copy of each such photograph or diagram to your answers to these Interrogatories.

9.      Enumerate specifically all things which you contend that either Defendant and/or any other person or persons did which it should not have done which in any way contributed to the happening of the incident referred to in the Complaint.  Set forth the percentage of negligence you allege against each such person.


10.      For each expert consulted by you, please supply a complete statement of each expert's opinion and the basis therefore; the facts and data considered in forming the opinions; the qualification of the witness including a list of all publications authored by the witness within the preceding ten years and whether compensation has been paid or will be paid and if so, the terms of the compensation. R.4:17-4e. (See Skibinski v. Smith, 206 N.J.Super. 349, 354 (App.Div.1985).

<u>CERTIFICATION</u>

     I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such becomes later known or available, I shall serve them promptly on the propounding party.

     I certify that the foregoing statements made by me in the attached Interrogatories are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:                                       _____

## <u>DISCOVERY INSTRUCTIONS AND DEFINITIONS</u>

The following instructions and definitions apply to the discovery requests made by Plaintiff(s) in this case. You must follow these instructions and definitions when responding to discovery requests propounded herein, or discovery requests propounded later in this case:

1.      If you object to any part of a question or request, answer that part of the question or request to which the objection does not apply.

2.      If a document, thing, or answer is being withheld due to an objection, set forth the objection and the grounds for the objection in detail and describe and identify the item, thing or information being withheld. Otherwise the objection will be deemed waived.

3.      If you assert a privilege in response to any discovery request, you must provide a detailed explanation of the grounds for your claim of privilege, and you must supply a detailed privilege log for each item being withheld. Otherwise, the privilege will be deemed waived.

4.      If you object on the grounds that the request is unduly burdensome, or on similar grounds, explain in detail the nature of the burden and the place and system in which the requested information is being held. Indicate whether an inspection will be voluntarily permitted.

5.      You have a continuing duty to supply responses to these discovery requests. If, after you supply responses to these discovery requests, any information, document or thing not previously produced by you is remembered, discovered, or becomes available or obtainable, you must promptly provide it and amend your responses accordingly.

6.      You must make a diligent, reasonable, good faith effort to locate, gather and disclose all information, documents and things responsive to any of these discovery requests. Court Rules require you to disclose all responsive information, documents and things in your possession or control, or in your agent, attorney or insurer's possession or control, or which you can obtain through reasonable efforts and inquiry. If you are aware of the existence of any document or thing that you nonetheless cannot obtain through reasonable efforts, you must disclose in your responses all information regarding the whereabouts and availability of such document or thing.

7.      If you have no documents or things responsive to a certain discovery request, you must provide a certification or affidavit of one with personal knowledge stating that no such document or thing exists.

8.      If a document or thing responsive to a certain discovery request no longer exists, but existed at one time in the past, you must indicate this and explain to the best of you knowledge why that document or thing no longer exists.

9.      If any document or thing requested herein is in the sole possession or control of answering party's insurance carrier or other entity providing insurance or indemnification in this matter, you still must produce the requested document or thing, or state the reason why it is not being produced.

10.     Failure to provide timely, complete and responsive answers to all discovery requests will subject you to sanctions pursuant to R. 4:23 of the New Jersey Court Rules.

11.     All answers and responses that you provide to these discovery requests will be deemed final and complete answers and responses, and it will be assumed that no other responsive  information, documents or things exist, unless you timely and properly amend or supplement your answers and responses in strict accordance with New Jersey Court Rules.  Please take notice that you will be barred from introducing at Trial, Arbitration or other legal proceeding any testimony, exhibit, evidence or theory of defense not previously disclosed to Plaintiff in your responses to these discovery requests or by timely and proper amendment to your responses made in strict accordance with New Jersey Court Rules.

12.     The following definitions apply to these discovery requests:
        a.      "Documents" as requested herein refers to all drafts of any written, recorded or graphic matter however produced or reproduced, including without limitation all papers, books, records, checks, invoices, physical or computer-generated files (on diskette, CD-ROM, hard-drive, or otherwise), E-mail, facsimiles, microfilm, microfiche, memoranda, letters, correspondence, contracts, photographs, video, audio or tape recordings, mechanical recordings or similar recordings and any log and/or transcript thereof, and any other materials of a similar nature.
        b.      "Identify" or "identification" when used in reference to any individual person means to state his full name, residence address and his present last known business affiliation.  "Identify" or "identification" when used in reference to a document means to state the type of document (e.g. letter, memoranda, telegram, chart, tape recordings, etc.), or some other means of identifying it, and its present location or custodian.  If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.
        c.      "Person" refers to any person, persons, entity, or entities including but not limited to an individual, group, partnership, company, proprietorship, corporation, government, government department, public entity or subdivision thereof or joint actors.
        d.      "Party" refers to a named party in this lawsuit.
        e.      "You" "Your" "Answering Party" "Responding Party" each refers to the litigant(s) or party(ies) to whom the discovery requests are addressed and any and all agents, employees, attorneys, insurers or assigns thereof.
        f.      "Requesting Party" refers to party propounding the discovery request.
        g.      "Incident in question" or "Property in question" refers to the incident or property which is the subject of this lawsuit.

   h. If Plaintiff is an executor, administrator or guardian, the term "Plaintiff" then refers to the minor, incompetent or decedent at issue, or to the representative prosecuting this lawsuit, whichever is appropriate given the context of the request.

   i. If this is a products liability action, "product(s)" refers to the product or group of products claimed in this lawsuit to be defective, or claimed to be a component of a defective product.

# EXHIBIT B

Janice G. Dubler (ID No. 020801995)
Katheryn Eisenmann (ID No. 027142011)
**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
923 Haddonfield Rd., Suite 300
Cherry Hill, NJ 08002
(856) 324-8284 (direct dial)
(215) 995-2801 (facsimile)
Attorneys for Defendant Navient Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRITTNEY D. WALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. _____** |
| **v.** | ) | |
| | ) | |
| **NAVIENT, NAVIENT** | ) | |
| **CORPORATION, MEGHAN (LAST** | ) | |
| **NAME UNKNOWN), PATTY (LAST** | ) | |
| **NAME UNKNOWN), EMILY (LAST** | ) | |
| **NAME UNKNOWN), AND JOHN DOE** | ) | |
| **1-10 INDIVIDUALLY, JOINTLY AND** | ) | |
| **SEVERALLY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF KURT SLAWSON

I, Kurt T. Slawson, hereby state and declare that:

1.      I serve as Assistant Secretary for Navient Corporation and Senior Vice

President, Deputy General Counsel and Assistant Secretary for Navient Solutions, LLC.

In these roles, I provide legal counsel for Navient Corporation and its affiliates.

2.      Navient Corporation is based in Delaware.  Corporation Service Company

("CSC") serves as Navient Corporation's registered agent.

3.    Navient Corporation is a holding company that does not do, and has never done, business in the State of New Jersey.  It does not have any employees in New Jersey.

4.    I reviewed Plaintiff's Affidavit of Service (attached to removal papers at Exhibit B), which purports to have served Navient Corporation, the defendant in this matter.  According to the Affidavit of Service, Plaintiff purports to have served "The Corporation Trust Company" as the registered agent of Navient Corporation.  The Corporation Trust Company is <u>not</u> Navient Corporation's registered agent.  Moreover, because Navient Corporation does not do business in the State of New Jersey, and has never done business in the State of New Jersey, Navient Corporation does not have a registered agent in the State of New Jersey.

5.    I reviewed the State of New Jersey's Entity Registry, and it appears that the entity that Plaintiff purports to have served is an entity named "Navient Corporation" that filed its New Jersey registration on January 4, 2009 and whose entity's registration in New Jersey was revoked on February 13, 2012.  As stated above, Navient Corporation is a holding company that does not do, and has never done, business in the State of New Jersey. Moreover, Navient Corporation was not formed until 2013, a year after the New Jersey registration for the other "Navient Corporation" was revoked.

6.    The Plaintiff in this matter was not employed by Navient Corporation, but rather one of its affiliates, Pioneer Credit Recovery, Inc.  Pioneer Credit Recovery, Inc.'s registered agent is also CSC.

7.      To date, Plaintiff has not served Navient Corporation or Pioneer Credit Recovery, Inc. with a copy of the Summons or Complaint. Navient Corporation became aware of this lawsuit through an online lawsuit tracking system.

8.      Navient Corporation is incorporated in the State of Delaware, and its headquarters and principal place of business are located in Wilmington, Delaware.

9.      Pioneer Credit Recovery, Inc. is a citizen of the States of Delaware and New York, because it is incorporated in the State of Delaware and its headquarters and principal place of business are located in Arcade, New York.

I am competent to testify as to the matters stated in this Declaration.  I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September  22 , 2020.


_____

Kurt T. Slawson

44247932.1

3

# EXHIBIT C

BRITTNEY WALTON       Plaintiff

vs.

NAVIENT, ET AL       Defendant

Superior Court of New Jersey
Law Division
BURLINGTON County
Docket Number: BUR-L-1422-20

**Person to be served** (Name & Address):
NAVIENT CORPORATION
c/o CT CORP
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
MOLZ, MARK J., ESQ.
1400 Route 38 East
Hainesport, NJ 08036

**Papers Served:** SUMMONS AND COMPLAINT AND TRACK ASSIGNMENT NOTICE

**Service Data:**

Served Successfully __X__     Not Served _____     Date: 8/3/2020     Time: 1:55 pm     Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__X____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

EBONY HILL

AUTHORIZED AGENT

**Description of Person Accepting Service:**

Sex: F    Age: 34    Height: 5-4    Weight: 185    Skin Color: BLACK    Hair Color: BLACK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                       _____ Date _____ Time
( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 4th day of August, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, John Hasson, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    8/4/20
Signature of Process Server    Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2020005495
Ref: WALTON

MARK J. MOLZ, ESQUIRE
1400 RTE. 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
Attorney ID # 038271985
Telephone 609-267-8884
Facsimile 609-267-1281
Attorney for Plaintiff

| | | |
|---|---|---|
| BRITTNEY D. WALTON | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY |
| Plaintiff | : | LAW DIVISION |
| | : | DOCKET NO. BUR-L-1422-20 |
| v. | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | |
| NAVIENT, NAVIENT CORPORATION, | : | **SUMMONS** |
| MEGHAN (last name unknown), PATTY (last | : | |
| name unknown), EMILY (last name unknown) ; | : | |
| John Doe 1-10 individually, jointly and severally | : | |
| | : | |
| Defendant | : | |

THE STATE OF NEW JERSEY TO:      Navient Corporation

The Plaintiff(s) named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to the Summons states the basis for the lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service whit the Deputy Clerk of the Superior Court in the County listed above within  35  days from the date you receive this, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided).  If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625.  A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within **35** days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.  If Judgment is entered against you, the sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:   7/23/20

*Michelle Smith /s/*

Clerk of the Superior Court

Name of Defendant to be served: Navient Corporation
Address for service:        Registered Agent The Corporation Trust Company
                            820 Bear Tavern Road
                            West Trenton, New Jersey 08628

# EXHIBIT D

Janice G. Dubler (ID No. 83422)
Katheryn Eisenmann (ID No. 027142011)
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
923 Haddonfield Rd., Ste. 300
Cherry Hill, NJ 08002
(856) 324-8284
(215) 995-2801 (facsimile)
Attorneys for Defendant Navient Corporation

| | |
|---|---|
| BRITTNEY D. WALTON, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  BURLINGTON COUNTY DOCKET NO.: BUR L-1422-20 |
| Plaintiff, | |
| v. | **DEFENDANT NAVIENT CORPORATION'S NOTICE OF FILING A NOTICE OF REMOVAL TO FEDERAL COURT** |
| NAVIENT, NAVIENT CORPORATION, MEGHAN (LAST NAME UNKNOWN), PATTY (LAST NAME UNKNOWN), EMILY (LAST NAME UNKNOWN), AND JOHN DOE 1-10 INDIVIDUALLY, JOINTLY AND SEVERALLY | |
| Defendants. | |

TO THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY,
UNION COUNTY, LAW DIVISION:

PLEASE TAKE NOTICE that, on September 11, 2020, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Navient Corporation filed a Notice of Removal in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446(a) ("Notice of Removal").  A true and correct copy of that Notice of Removal is attached hereto as **Exhibit 1**.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of that Notice of Removal, together with the filing of the attached Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded by the federal court.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

_/s/ Katheryn Eisenmann_____
Janice G. Dubler, Esquire
Katheryn Eisenmann, Esquire
Janice.Dubler@Ogletree.com
Kate.Eisenmann@Ogletree.com
*Attorneys for Defendant*

September 23, 2020

Janice G. Dubler (ID No. 6315)
Katheryn Eisenmann (ID No. 027142011)
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
923 Haddonfield Rd., Ste. 300
Cherry Hill, NJ 08002
(856) 324-8284
(856) 324-8201 (facsimile)
Attorneys for Defendant Navient Corporation

| | |
|---|---|
| BRITTNEY D. WALTON,<br><br>             Plaintiff,<br><br>v.<br><br>NAVIENT, NAVIENT CORPORATION,<br>MEGHAN (LAST NAME UNKNOWN),<br>PATTY (LAST NAME UNKNOWN),<br>EMILY (LAST NAME UNKNOWN), AND<br>JOHN DOE 1-10 INDIVIDUALLY,<br>JOINTLY AND SEVERALLY<br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BURLINGTON COUNTY<br>DOCKET NO.: BUR L-1422-20<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this 23rd day of September, 2020, a true and correct copy of the foregoing Defendant's Notice of Filing a Notice of Removal to Federal Court was served by electronic filing and first class mail, postage prepaid, on the attorney for Plaintiff at the following address:

Mark J. Molz, Esq.
1400 Rte. 38 East, PO Box 577
Hainesport, NJ 08036
Attorney for Plaintiff

*/s/ Katheryn Eisenmann*
Katheryn Eisenmann

43984875.1